
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTHONY L. ROBINSON,<br><br>    Plaintiff - Appellant,<br><br>  v.<br><br>ANTHONY A. LAMARQUE, Warden; et al.,<br><br>    Defendants - Appellees. | No. 10-17186<br><br>D.C. No. 1:02-cv-01538-NJV<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Nandor J. Vadas, Magistrate Judge, Presiding

Submitted January 22, 2014[**]
San Francisco, California

Before: D.W. NELSON, LEAVY, and THOMAS, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The parties consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).  The panel unanimously concludes that this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

California state prisoner Anthony L. Robinson appeals from the district court's judgment in his 42 U.S.C. § 1983 action alleging excessive force and violation of his right to freely exercise his House of Yahweh Yadhaim ("HOYY") faith. We review de novo, *EEOC v. Go Daddy Software, Inc.*, 581 F.3d 951, 961 (9th Cir. 2009) (denial of a Rule 50(b) motion for judgment as a matter of law); *Bruce v. Ylst*, 351 F.3d 1283, 1287 (9th Cir. 2003) (summary judgment); and for an abuse of discretion, *Owner-Operator Indep. Drivers Ass'n, Inc. v. Swift Transp. Co., Inc.*, 632 F.3d 1111, 1114 (9th Cir. 2011) (review of injunctive relief order); *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 728 (9th Cir. 2007) (denial of a motion for a new trial). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

I

Robinson argued to the jury that his participation in the Jewish kosher meal program would be sufficient to satisfy his sincerely held religious beliefs, and he prevailed on this claim. Robinson now objects to the scope and content of the injunctive relief. The district court did not abuse its discretion in entering a permanent injunction granting Robinson the prospective relief of participation in the Jewish kosher meal program because the injunction was the least intrusive means to correct the specific harm alleged. *See E. & J. Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280, 1297 (9th Cir. 1992).

## II

The district court properly granted summary judgment on Robinson's First Amendment claims to be appointed an inmate minister for HOYY, for a name change, for special showering and housing assignments, and for permission to wear corn rolls, dread locks, and a full beard. Robinson failed to raise a genuine dispute of material fact as to whether the prison's denial of his requests was reasonably related to legitimate penological interests in security, denied him all religious expression, could be maintained while accommodating his request without a severe burden on prison resources, or could be substituted with ready alternatives. *See Turner v. Safley*, 482 U.S. 78, 89-91 (1987).

## III

The district court properly dismissed as *Heck*-barred Robinson's excessive force claims stemming from the January 5, 2000 incident because success on Robinson's claims would necessarily imply the invalidity of his state conviction for misdemeanor battery by a prisoner on a peace officer. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (section 1983 action that necessarily implies the invalidity of plaintiff's conviction must be dismissed unless the conviction has been invalidated).

IV

The district court properly granted summary judgment on Robinson's due process claim because Robinson failed to raise a genuine dispute of material fact as to whether he was improperly denied procedural protections during his disciplinary hearing. *See Wolff v. McDonnell*, 418 U.S. 539, 556, 564-70 (1974) (describing minimum procedural due process protections in prison disciplinary proceedings).

V

Contrary to Robinson's contentions, the district court properly denied his motion for a judgment as a matter of law and his motion for a new trial because substantial evidence supports the jury's verdict. *See Johnson v. Paradise Valley Unified Sch. Dist.*, 251 F.3d 1222, 1227 (9th Cir. 2001) ("Substantial evidence is evidence adequate to support the jury's conclusion, even if it is also possible to draw a contrary conclusion from the same evidence.").

Robinson's remaining contentions are without merit.

**AFFIRMED.**